UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RHONDA L. PITTS, | ) | Case No.: 1:10 CV 870 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

This is an action for judicial review of the Administrative Law Judge's ("ALJ") decision, denying Plaintiff Rhonda L. Pitts's ("Plaintiff") claims for Period of Disability ("POD"), Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 416(i), 423, 1381, *et seq*. On December 2, 2008, the ALJ determined that Plaintiff was not disabled under the Act and was able to perform a significant number of jobs in the national economy. Plaintiff appealed the ALJ's decision to the Appeals Council, who denied further review of the decision.

On April 23, 2010, Plaintiff filed this Complaint against the Commissioner of Social Security ("Defendant" or "Commissioner"). (ECF No. 1.) The court referred this case to Magistrate Judge Kenneth S. McHargh ("Judge McHargh") for preparation of a report and recommendation. On May 19, 2011, Judge McHargh submitted his Report and Recommendation, recommending that final judgment be entered in favor of the Commissioner and that Plaintiff be denied disability benefits. (R&R, ECF No. 18.) On June 2, 2011, Plaintiff filed an Objection to the Report and

Recommendation. (Objection, ECF No. 19.) Defendant filed its Response to Plaintiff's Objection on June 16, 2011. (Response, ECF No. 20.)

## I. LEGAL ANALYSIS

To receive disability benefits, a claimant must show that he or she is disabled pursuant to the Social Security Act, 42 U.S.C. § 423(a)(1)(D). *See Buxton v. Halter*, 246 F.3d 762, 771 (6th Cir. 2001). A claimant is considered disabled if she cannot perform "substantial gainful employment by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. §§ 404.1505, 416.905. The Social Security Administration regulations require an Administrative Law Judge ("ALJ") to follow a five-step analysis for the claimant's disability determination. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are:

> (1) If a claimant is doing substantial gainful activity – i.e., working for profit – she is not disabled.
>
> (2) If a claimant is not doing substantial gainful activity, her impairment must be severe before she can be found to be disabled.
>
> (3) If a claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> (4) If a claimant's impairment does not prevent her from doing her past relevant work, she is not disabled.
>
> (5) Even if a claimant's impairment does prevent her from doing her past relevant work, if other works exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc.), she is not disabled.

*Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

In reviewing an ALJ's decision of Social Security benefits eligibility, a court "is limited to

determining whether there is 'substantial evidence' in the record to support the ALJ decision and whether the ALJ applied the proper legal standards." *Deaton v. Comm'r of Soc. Sec.*, 315 F. App'x. 595, 597 (6th Cir. 2009). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). This analysis affords the ALJ a certain amount of latitude and assumes that there is a "zone of choice" for an ALJ to make the determination for Social Security eligibility without judicial interference. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). An ALJ's findings should not be reversed just because the evidence on the record may support a different conclusion. *Buxton*, 246 F.3d at 772. Thus, an ALJ's decision "must be affirmed if the [ALJ's] findings and inferences are reasonably drawn from the record or supported by substantial evidence, even if that evidence could support a contrary decision." *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003).

The ALJ found that Plaintiff established medically determinable, severe impairments, due to seizure disorder, migraine headache disorder, hypothyroidism, adjustment disorder with mixed disturbance of emotions and conduct , and borderline intellectual functioning. (Tr. 24.) Yet the ALJ determined that these impairments and disorders did not meet or equal, when combined, the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App 1. (Tr. 25-26.) Judge McHargh reviewed six assignments of error asserted by Plaintiff as to the ALJ's decision: (1) the ALJ erred in finding that Plaintiff could return to her past relevant work as a small products assembler; (2) the ALJ's reliance upon the testimony of the Vocational Expert ("VE") was faulty; (3) inaudible portions of the hearing transcript deprive Plaintiff of the right to examine the evidentiary basis for the ALJ's reliance on the VE's testimony; (4) the ALJ did not properly assess Plaintiff's educational

background; (5) the ALJ erroneously evaluated her mental condition; and (6) substantial evidence does not support the ALJ's credibility finding. (ECF No. 1.) Judge McHargh determined that the ALJ's decision to deny Plaintiff social security benefits was supported by substantial evidence on the record. (ECF No. 18.) As such, Judge McHargh recommended that this court deny Plaintiff's Complaint. (*Id.*)

Plaintiff now objects to Judge McHargh's Report and Recommendation. After a *de novo* review of the Report and Recommendation, Plaintiff's Objections, and all other relevant documents in the record, the court adopts Judge McHargh's Report and Recommendation in its entirety. However, the court will briefly address Plaintiff's Objection relating to assignments of error one, two, and four.

In regard to assignment of error one, Plaintiff maintains that Judge McHargh made two errors in recommending that this court affirm the ALJ's analysis for step five: (1) he determined that substantial evidence supported a finding that Plaintiff could work as a small products assembler at step five, but not at step four, 20 C.F.R. §§ 404.1520(a), and; (2) he determined that the ALJ adequately explained why he was crediting the VE's use of job-incidence data that misrepresented the actual number of jobs Plaintiff could work in the state and national economies. (ECF No. 18.)

At the determination hearing, the VE identified three jobs a person with Plaintiff's residual functioning capacity ("RFC") and vocational factors could work in the national economy. These jobs are: (1) a small products assembler; (2) a sales attendant; and (3) a food and drink order clerk. (Tr. 851-55.) The VE determined that these jobs were available in the state in significant numbers: 70,000, 40,000, and 100,000, respectively. Before her alleged disability onset date, Plaintiff had been employed as a small products assembler. (*See* Tr. 31.) The ALJ determined that, despite her

-4-

medical conditions, Plaintiff could still perform this occupation, and thus was not disabled under step four. (*Id.*) Despite finding Plaintiff was not disabled under step four, the ALJ proceeded to step five and determined that Plaintiff could perform other jobs in the national economy, like a sales attendant or a food-and-drink-order clerk. Before this court, Plaintiff asserts that the ALJ erred in his determination at step four because he did not calculate Plaintiff's earnings made from her small-products-assembler occupation as required by Social Security regulations. Plaintiff maintains that, as a small products assembler she earned an average of $349.59 per month, which is below the more than $500 per month amount that raises a presumption that a person is engaged in substantial gainful activity. *See* 20 C.F.R. § 404.1572(a) (the $500-per-month presumption is for the period of January 1990 through June 1999). Thus, Plaintiff contends that her past work as a small products assembler did not satisfy the Social Security regulation's definition of substantial gainful activity.[1] Defendant concedes this point and notes that the ALJ was wrong because he did not average Plaintiff's earnings over the period she worked as a small products assembler. (Def. Brief,

---

[1] Past relevant work is "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to do it." 20 C.F.R. § 404.1560(1). Not all work is considered "past relevant work." Past relevant work must be considered: (1) a substantial gainful activity; (2) that the employee has performed long enough to have learned how to do it; and (3) has performed within fifteen years of the date of adjudication, or within fifteen years of the date of expiration of the claimant's insured status. 20 C.F.R. §§ 404.1560(b)(1), 404.1565(a). For the requirement of substantial gainful employment, "[f]actors to be considered include amount of pay and the length of time worked." *Tyra v. Sec. of Health & Serv.*, 896 F.2d 1024, 1029 (6th Cir. 1990). Plaintiff persuasively argued that the ALJ did not consider her wages in determining whether her work as a small products assembler was "substantial gainful activity" under the regulation. (*See* Pl. Brief, pp. 6-7.)

ECF No. 16, p. 7.) This court agrees with Judge McHargh's determination that the ALJ erred in finding Plaintiff was not disabled in step four. Because the ALJ proceeded to step five, the court finds that this error does not require a remand. In analyzing the ALJ's decision at step five, Judge McHargh determined that the ALJ only addressed the small-products-assembler occupation in the context of step four, and not step five. (R&R, p. 7 ("[T]o the extent that ALJ Hanekamp referenced the small product assembler position, he did so in determining whether Plaintiff could return to her prior employment.").) Plaintiff does not directly challenge Judge McHargh's conclusion on this point, but instead argues that, although Judge McHargh concludes that the ALJ's analysis regarding this position only pertains to step four, he proceeds to discuss the small-products-assembler occupation in the rest of his analysis for step five. (Objection, p. 3 (citing to R&R, pp. 7, 9).) A review of Judge McHargh's report shows that his reference to the small-products-assembler occupation is in the context of describing the ALJ's overall analysis, which had determined Plaintiff could perform both her prior occupation (step four) and other work in the national economy (step five). As Judge McHargh recommended, the court rejects the ALJ's conclusion regarding step four but affirms the ALJ's decision regarding step five because it is supported by substantial evidence. Thus, Judge McHargh did not err in his recommendation.

Assignment of error two challenges the ALJ's decision at step five that the national economy contains a significant number of jobs Plaintiff could perform. Plaintiff contends that the VE improperly relied on the Occupational Employment Survey job-incidence data (OES job-incidence data) and because the data was improperly applied to her case, it could not provide substantial evidence to support the ALJ's step-five decision. Plaintiff further argues that Judge McHargh erred in determining that the OES job-incidence data was not the sole basis for the job-

incidence data. Finally, Plaintiff claims that Judge McHargh was incorrect in determining that Plaintiff could not rely on Job Browser Pro data.

As stated above, the VE identified three jobs a person with Plaintiff's RFC and vocational factors could work in the national economy – 70,000 small products assembler jobs, 40,000 sales attendant jobs, 100,000 food-and-drink-order-clerk jobs. VE relied in part on the OES job-incidence data to compile the job incidence figures. During the hearing, the VE admitted that these figures were based on occupational statistical "groups" that are comprised of several types of occupations, including the individual occupations which Plaintiff is deemed qualified to work. Although the data from OES is over-inclusive, the court agrees with Judge McHargh, that this over-inclusiveness does not render the VE's job incidence figures improper for the ALJ's determination. The VE testified that he also based his job-incidence data on other sources like the Bureau of Labor Statistics and occupational market information. (Tr. 855.) No where in her Objection to the Report and Recommendation does Plaintiff challenge the VE's use of these other sources for his job-incidence data. Further, the court finds that Plaintiff misconstrues Judge McHargh's analysis regarding her use of Job Browser Pro data. Judge McHargh rejected Plaintiff's contention that the VE's job-incidence data was invalid because data from Job Browser Pro showed that the figures were over-inclusive in this context. Judge McHargh did not conclude Plaintiff's use of Job Browser Pro was inappropriate. (*See* R&R, pp. 9-10.)

Finally, assignment of error four addresses whether the ALJ adequately determined Plaintiff's educational level for his step-five determination. Step five requires the ALJ to consider the claimant's RFC together with her vocational factors to determine whether the claimant can perform any other work. 20 C.F.R. § 404.1520(g). One vocational factor an ALJ considers is the

-7-

claimant's educational level. *Id.* 20 C.F.R. § 404.1564(a) defines the role of a claimant's educational level in disability determinations:

> Education is primarily used to mean formal schooling or other training which contributes to your ability to meet vocational requirements. . . . However, if you do not have formal schooling, this does not necessarily mean that you are uneducated or lack these abilities. Past work experience and the kinds of responsibilities you had when you were working may show that you have intellectual abilities, although you may have little formal education. Your daily activities, hobbies, or the results of testing may also show that you have significant intellectual ability that can be used to work.

If a claimant has received a "marginal education," the claimant is not considered disabled under 20 C.F.R. Part 404, Subpart P, App. 2, Table 2, Rule 202.10. "Marginal education" is the "ability in reasoning, arithmetic and language skills which are needed to do simple, unskilled types of jobs. We generally consider that formal schooling at a sixth grade level or less is a marginal education." 20 C.F.R. § 404.1564(b)(2).

At the claimant's disability determination hearing, the ALJ's hypothetical question set Plaintiff's educational level at the eleventh grade. (Tr. 851.) Plaintiff, who attended school until the eleventh grade, was placed in special education classes. (Tr. 833.) Evidence presented at hearing also shows that, in 1985, Plaintiff tested at a fifth grade level. (Tr. 429, 828.)

In her Complaint, Plaintiff argued that: (1) the ALJ did not define her educational level pursuant to 20 C.F.R. § 404.152(g) and thus; (2) the ALJ erred when he posed his hypothetical question using the eleventh grade as her educational level. Judge McHargh determined that Plaintiff was correct that the ALJ did not follow 20 C.F.R. § 404.152(g), but found that the ALJ's description of her educational level was supported by the record. Judge McHargh reasoned that

Plaintiff "has at least a marginal education" and that she is able to perform substantial gainful activity because she has raised two children, cared for her own personal needs, and maintained employment.

The court agrees. First, Plaintiff's outdated, 1985 exam showed that Plaintiff functioned at a fifth grade level; although lower than expected for her grade, she still qualifies as "marginal education" because she received additional formal education up until the eleventh grade. Second, as stated in 20 C.F.R. § 404.1564(a), an ALJ can consider factors outside of the formal education when assessing a claimant's intellectual abilities. Here, Plaintiff did go to school until the eleventh grade, albeit special education classes. She also took and passed a test to obtain her certification for her home aide position. (Tr. 845-46.) Finally, claimant has been able to complete a number of life experiences since she withdrew from school, including raising two children and maintaining employment. Thus, when looking at all of Plaintiff's vocational factors and the regulation's broad definition for education, the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence. The ALJ's error in not defining Plaintiff's educational level pursuant to 20 C.F.R. § 404.1520(g) does not tangibly affect the substantial evidence that support's the ALJ's conclusion.

## II.  CONCLUSION

For the foregoing reasons, the court adopts Magistrate Judge McHargh's Report and Recommendations in its entirety. (ECF No. 18. ) Accordingly, the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

>/s/ *SOLOMON OLIVER, JR.*
>CHIEF JUDGE
>UNITED STATES DISTRICT COURT

June 27, 2011